IN THE COURT OF APPEALS OF IOWA
 
 No. 19-1819
 Filed April 15, 2020
 
 
IN THE MATTER OF R.J.G.,
Alleged to Be Seriously Mentally Impaired,

R.J.G., 
 Respondent-Appellant.
________________________________________________________________

 Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott, Judge.

 Respondent challenges civil commitment claiming the district court erred in finding that respondent is seriously mentally impaired. AFFIRMED.

 Priscilla E. Forsyth, Sioux City, for appellant.
 Thomas J. Miller, Attorney General, and Gretchen W. Kraemer, Special Assistant Attorney General, for appellee State.
 Considered by Bower, C.J., and Greer and Ahlers, JJ.AHLERS, Judge.
 R.G. is an adult with a long history of mental-health services. She was civilly committed in 2014. Although originally ordered to engage in inpatient treatment, she progressed to outpatient treatment. After it was alleged that she had become noncompliant with taking prescribed medicine, she was placed back in the hospital after the issuance of an emergency hold order and a review-commitment hearing was held. Following that hearing, the district court found R.G. to be seriously mentally impaired pursuant to Iowa Code chapter 229 (2019) and ordered her to undergo inpatient treatment. R.G. challenges the sufficiency of the evidence that she is seriously mentally impaired.
I. Standard of Review.
 We review challenges to the sufficiency of the evidence in involuntary commitment proceedings for errors at law. In re B.B., 826 N.W.2d 425, 428 (Iowa 2013). The elements of serious mental impairment must be established by clear and convincing evidence, and the district court's findings of fact are binding on us if supported by substantial evidence. In re J.P., 574 N.W.2d 340, 342 (Iowa 1998). Evidence is substantial if a reasonable trier of fact could conclude the findings were established by clear and convincing evidence. Id.
II. Discussion.
 To support a finding of serious mental impairment as defined in Iowa Code section 229.1(20), the State must prove "the individual: (1) has a mental illness, (2) lacks sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment because of the mental illness, and (3) is likely, if permitted to remain at liberty, to be a danger to self or others." In re J.E., No. 19-0034, 2019 WL 3946051, at *2 (Iowa Ct. App. Aug. 21, 2019) (citation and internal quotation marks omitted).
 We will address each of these elements.
 A. Mental Illness.
 R.G. does not challenge the finding that she has a mental illness, as the physician's report admitted into evidence states R.G. has schizophrenia. 
 B. Judgmental Capacity.
 The existence of a mental illness, by itself, does not establish grounds for commitment. J.P., 574 N.W.2d at 343. A mental illness does not preclude an individual's ability to make rational judgments in all cases or with respect to all matters. Id. R.G. cites the following principles from J.P. in support of her argument that sufficient evidence did not support the district court's finding on this element: "In determining whether a decision is responsible, the focus must be on whether the grounds for the decision are rational or reasonable not what conclusion is reached. A decision, although inadvisable, may be rationally reached, and if so, it is not the court's place to second guess the decision." Id. She points to her testimony in which she opposed injectable medication because of its perceived side effects. See id. (noting concern about the potential side effects of a medication is a reasonable apprehension). She also highlights her testimony that she was seeking counseling with pastors and priests to discuss "possession" of others. However, R.G.'s testimony conflicts with the physician's report and the district court's findings based on that report. The district court found R.G. had "no insight" regarding her mental illness. This finding is supported by the physician's report that stated R.G. "has no insight into her mental illness and her need for treatment and medications." The report also noted R.G. suffers from serious delusions that included threats of harm to others. Although R.G.'s testimony may have supported a different finding, substantial evidence supports the finding actually made, which is the district court's finding R.G. lacked sufficient judgment to make responsible decisions with respect to her treatment because of her mental illness. See Hutchison v. Shull, 878 N.W.2d 221, 230 (Iowa 2016) ("The crucial question in determining whether substantial evidence supports a district court finding is not whether the evidence would support a different finding, but whether the evidence supports the finding actually made.").
 C. Danger to Self or Others.
 As R.G. correctly notes, although the statute provides for four bases for meeting the dangerousness element, the noncompliance basis set forth in Iowa Code section 229.1(20)(d) was not listed as a reason for the emergency hospitalization in this case. Therefore, we will not consider that basis in our discussion. 
 The dangerousness "element `requires a predictive judgment, based on prior manifestations but nevertheless ultimately grounded on future rather than past danger.'" J.P., 574 N.W.2d at 344 (quoting In re Mohr, 383 N.W.2d 539, 542 (Iowa 1986)). "The danger the person poses to herself or others must be evidenced by a 'recent overt act, attempt or threat.'" Id. (quoting Mohr, 383 N.W.2d at 542). R.G. argues there have been no recent overt acts or threats and, even though she is homeless, she is able to meet her basic needs.
 With regard to R.G.'s claim there have been no recent overt acts or threats, we note that threats are sufficient to meet the dangerousness element. See, e.g., B.B., 826 N.W.2d at 433 (affirming commitment based on the respondent's "wild threats"); In re B.T.G., 784 N.W.2d 792, 798 (Iowa Ct. App. 2010) (affirming commitment based, in part, on threats to staff and their children). R.G.'s argument there have been no recent overt acts or threats overly discounts the physician's report that R.G. is currently delusional and such delusions include threats of harm to others. This existing delusional condition is a sufficient recent threat to meet the dangerousness element. See Iowa Code § 229.1(20)(a)-(b).
 As for the homelessness issue, we agree that homelessness alone does not necessarily meet the dangerousness element, as section 229.1(20)(c) requires showing not only that the person "[i]s unable to satisfy the person's need for nourishment, clothing, essential medical care, or shelter," but also that the person will likely "suffer physical injury, physical debilitation, or death" as a result. However, in this case, R.G. is not only homeless, she suffers from an untreated mental illness for which she refuses treatment and that causes delusions of a threatening nature. Under these circumstances, we find the dangerousness element set forth in section 229.1(20)(c) has also been adequately established.
III. Conclusion.
 Substantial evidence supports the findings that all elements necessary for civil commitment under chapter 229 have been met. Therefore, we affirm the district court.
 AFFIRMED.